UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE BACK,<br>　　　　Plaintiff,<br>　　v.<br>AMERICAN RED CROSS, et al.,<br>　　　　Defendants. | Case No. 4:17-cv-02225-KAW<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. No. 23 |

On September 13, 2017, the Court dismissed Plaintiff's complaint with leave to amend. (Dkt. No. 23.) The Court ordered Plaintiff to file a first amended complaint no later than October 4, 2017. *Id.* To date, Plaintiff has not filed an amended complaint. Plaintiff did, however, file a case management statement on October 2, 2017. The case management conference was continued to December 19, 2017, so the statement is not due until December 12, 2017. *Id.*

Currently, there is no operative complaint in this action. Accordingly, Plaintiff is ordered to file the first amended complaint on or before November 3, 2017 and respond to this ORDER TO SHOW CAUSE to explain why she did not timely file the amended complaint and why this case should not be dismissed for failure to prosecute. The first amended complaint and the response to the order to show cause shall be filed separately. Failure to timely respond to this order to show cause and file the first amended complaint may result in this case being dismissed for failure to prosecute.

In amending her complaint, Plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*. Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling

1 | (415) 782-8982.

2 |     The Court notes that Plaintiff's initial complaint sought relief that cannot be awarded, including a "pristine guard of nine [C]aucasians." (Compl., Dkt. No. 1 ¶ 6.) In amending her complaint, Plaintiff is encouraged to connect the relief sought to the alleged damages she has sustained, and the parties she is suing. The Court notes that the defendants appear to be unrelated, so Plaintiff must clarify which causes of action she is alleging against each named defendant, as well as the facts relating to each cause of action.

    Plaintiff should be aware that the amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

IT IS SO ORDERED.

Dated: October 16, 2017

                                                *Kandis Westmore*
                                                KANDIS A. WESTMORE
                                                United States Magistrate Judge