UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAYE BACK,<br>    Plaintiff,<br>    v.<br>AMERICAN RED CROSS, et al.,<br>    Defendants. | Case No. 4:17-cv-02225-KAW<br>**ORDER DISMISSING CASE WITHOUT PREJUDICE**<br>Re: Dkt. No. 28 |

On September 13, 2017, the Court dismissed Plaintiff Faye Back's complaint with leave to amend. (Dkt. No. 23.) Plaintiff did not timely file a first amended complaint. On October 16, 2017, the Court continued the case management conference to December 19, 2017, and, as there was no operative complaint, issued an order to show cause. (Dkt. No. 28.) Specifically, Plaintiff was ordered to file the first amended complaint on or before November 3, 2017, and respond to the order to show cause to explain why she did not timely file the amended complaint and why this case should not be dismissed for failure to prosecute. *Id.* at 1. Plaintiff was advised that the "[f]ailure to timely respond to th[e] order to show cause and file the first amended complaint may result in this case being dismissed for failure to prosecute." *Id.*

In issuing the order to show cause, Plaintiff was again referred to the Federal Pro Bono Project's Help Desk, and the Court identified some of the deficiencies in Plaintiff's initial complaint, including that certain relief sought—namely a "pristine guard of nine [C]aucasians"— could not be awarded. *Id.* at 2. She was also advised that she needed to clearly identify which causes of action were being alleged against each named defendant. *Id.*

To date, Plaintiff has not filed a response to the order to show cause, she has not filed her first amended complaint, and she has not otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In light of the foregoing, the case is dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated: November 8, 2017

KANDIS A. WESTMORE
United States Magistrate Judge